IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isaac Steven Valle,<br><br>    Petitioner,<br><br>vs.<br><br>Panann Days,<br><br>    Respondent. | CV 18-04963-PHX-SRB (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT COURT:

On December 31, 2018, Petitioner filed an Application for Leave to File a Second or Successive Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States Court of Appeals for the Ninth Circuit. (Doc. 1-1.) On April 22, 2019, the Ninth Circuit denied the Application as unnecessary and transferred the Petition to this Court because Petitioner seeks to challenge proceedings that resulted from legal developments arising after the conclusion of his first federal habeas petition. Respondents filed an Answer (Doc. 10), and Petitioner has filed a Reply (Doc. 15).

**BACKGROUND**

Petitioner was convicted in Maricopa County Superior Court, case #CR 95-10873, of first-degree murder and two counts of attempted first-degree murder. The trial court sentenced Petitioner to concurrent terms of 10.5 years on the two attempted first-degree murder counts. Consecutive to those counts, the trial court sentenced him to life in prison

1  without the possibility of release until 25 calendar years had been served on the first-degree
2  murder charge. (Exhs. A, G, H, I.)

Petitioner timely appealed his convictions and sentences, and counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and State v. Leon, 451 P.2d 878 (Ariz. 1969), advising the Arizona Court of Appeals that he had searched the record on appeal and had found no arguable issue of law which constitutes "prejudicial reversible error." Petitioner was also granted time in which to file a supplemental brief, but no brief was filed. (Exhs. J, K.)

The Court of Appeals affirmed Petitioner's convictions and sentences as modified on direct appeal. See State v. Valle, 1 CA-CR 97-0106 (Ariz. Ct. App. Feb. 24, 1998); (Exh. K.)

Thereafter, on June 15, 1998, Petitioner filed a notice of post-conviction relief (PCR). (Exh. L.) Appointed counsel filed a Notice of Completion of Post-Conviction Review avowing that she had been unable to advance any issues pursuant to Rule 32, and requesting an extension of time for Petitioner to file a pro per PCR petition. (Exh. M.)

On May 6, 1999, Petitioner filed his PCR petition arguing that he received ineffective assistance of counsel. (Exhs. N, O, P.) The trial court summarily dismissed Petitioner's PCR petition on July 12, 1999. (Exh. P.)

On September 6, 2000, Petitioner filed a petition for review. (Exh. O.) The Arizona Court of Appeals denied the petition for review as untimely on April 3, 2001. (Exh. S.)

Over 12 years later, on March 7, 2013, Petitioner filed a "motion to clarify sentence and order," stating that his "understanding that once [he has] completed 25-calendar years for the life sentence, [he was] then to begin a term of community supervision according to the court's order of sentence." (Exh. T.) Construing the motion to clarify as a Rule 32 proceeding, the court denied the motion on April 18, 2013, as untimely and successive. (Exhs. U, V.)

Petitioner, thereafter, filed a "response to court minute entry," requesting that the court not consider his motion to clarify as a Rule 32 petition, and clarify when his 25-year sentence

expires and supervision begins. (Exh. W.) On April 30, 2013, the court clarified its order, stating,

> Defendant seeks a court order that he be paroled following 25 calendar years of incarceration. The Court has no authority to order his parole or other release. Defendant has been sentenced to a life term without eligibility for release until he has served 25 calendar years. Upon completion of 25 calendar years in the custody of the Department of Corrections, Defendant will have the ability to apply for release. The decision on whether or not to grant the release on any basis will be left to the Board of Executive Clemency and the Executive Branch of Government, who have control over this decision.

(Exh. X.)

On December 17, 2014, Petitioner filed another PCR notice, arguing the "retroactive applicability of Miller" and the new law of A.R.S. §§ 13-716 and 41-1604.09. (Exh. Y.) On February 12, 2015, the state court issued an order clarifying Petitioner's right to release under Miller. (Exh. Z.) The court found that, from 1994 through 2013, "the only mechanism for release under a life sentence in Arizona was through clemency or commutation." But that "clemency or commutation is not a 'meaningful opportunity' for release as would be mandated under *Miller* in cases in which natural life is not ordered." The court stated that A.R.S. § 13-716, which reinstates parole for juvenile offenders sentenced to life with the possibility of release, "closes the '*Miller* gap' that was created." Thus, the court clarified stating, "after the passage of 25 years under the life sentence imposed in 1997 by Judge Rogers, [Petitioner] will be eligible to apply for parole or release in accordance with A.R.S. § 13-716 and § 41-1604.09(I). The Arizona Department of Corrections shall set a specific date for parole eligibility for this defendant consistent with the orders entered herein. This order does not establish entitlement to release; rather, it affirms eligibility to seek release." (Exh. Z.)

After the February 12, 2015 ruling, Petitioner filed various documents regarding the status of his PCR notice, indicating that he had not received a response. (Exhs. AA-CC, DD.) On June 12, 2015, the state court clarified that its February 12, 2015 order pertained to Petitioner's third Rule 32 proceeding, stating, in pertinent part:

> [F]or clarification purposes, this court notes that it reviewed Defendant's Notice of Post-Conviction Relief filed on January 2, 2015 and recognized that

> the relief sought was based upon changes in the law. In other matters, this court found that *Miller* does have retroactive application and would therefore be appropriate for cases in which principles in *Miller* were violated. However, Defendant's case does not fall under *Miller*. He was and continues to be eligible for parole after the passage of a specific number of years. Further, in its ruling of February 12, 2015, this court noted that the change in law (ARS Section 13-716) also could apply to Defendant. As such, there is no basis for additional relief under these grounds pursuant to Rule 32. This is true regardless of whether the January 2, 2015 Notice was timely or untimely.
>
> This court recognizes that there may be other grounds upon which Defendant may believe that he is entitled to relief under Rule 32. There is nothing herein that prevents him from seeking relief, provided that it is timely and consistent with applicable law. He cannot, however, proceed further under *Miller* claims or based upon ARS Section 13-716 as those claims have been address by this court.

(Exh. DD.) The court dismissed any further Rule 32 proceeding that was possibly still pending. (Exh. DD.)

The record reflects that on July 20, 2015, the court denied a motion for clarification or reconsideration. (Exh. EE.) And, on August 13, 2015, Petitioner filed a petition for review in the Arizona Court of Appeals, raising seven claims. (Exh. FF.) On October 17, 2017, the Arizona Court of Appeals granted review, but denied relief, stating, the following:

> ¶ 1 Isaac Steven Valle petitions this Court for review from the summary dismissal of his successive petition for post-conviction relief. We have considered the petition for review and for the reasons stated, grant review but deny relief.
>
> ¶ 2 A jury found Valle guilty of premeditated first-degree murder and two counts of attempted first-degree murder. Valle committed the offenses in 1995 when he was a juvenile. The trial court sentenced Valle to concurrent terms of 10.5 years' imprisonment for the attempted murder counts and a consecutive term of life with the possibility of release after 25 years for first-degree murder. This Court affirmed Valle's convictions and sentences as modified on direct appeal. *State v. Valle*, 1 CA–CR 97–0106 (Ariz. App. Feb. 24, 1998) (mem. decision).
>
> ¶ 3 Valle argues that the Supreme Court opinion in *Miller v. Alabama*, 567 U.S. 460 (2012) requires that the trial court vacate his sentence for murder. In *Miller*, the Supreme Court held "that mandatory life [sentences] without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 567 U.S. at 465 (emphasis added).[] *Miller* further held that a trial court may sentence a juvenile offender convicted of murder to life imprisonment without the possibility of parole so long as the court considers "how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 480. We deny relief on this issue because *Miller* has no application here. Valle did not receive a mandatory life sentence

| | |
|---|---|
| 1 | without the possibility of parole and *Miller* does not otherwise have any effect on Valle's life sentence with a possibility of release. |
| 2 | |
| 3 | ¶ 4 Valle further argues that if he ever obtains release from prison, the prospective application of A.R.S. § 13–716 would be an unconstitutional application of an ex-post facto law. In 2014, the legislature enacted A.R.S. § 13–716 and amended A.R.S. § 41–1604.09(I). 2014 Ariz. Sess. Laws, ch. 156, § 2. Sections 13–716 and 41–1604.09(I) provide that a person sentenced to life with the possibility of release for an offense that the person committed as a juvenile is eligible for parole upon completion of the minimum sentence, regardless when the person committed the offense. A.R.S. § 13–716 (2014); A.R.S. § 41–1604.09(I) (2014). The portion of A.R.S. § 13–716 that Valle challenges is the portion that provides a person sentenced to life with a possibility of release who is later granted parole must remain on parole for the remainder of the person's life and be subject to revocation. *See* A.R.S. § 13–716. We deny review of this issue because it is not ripe. *See Velasco v. Mallory*, 5 Ariz. App. 406, 410–11 (1967) ("We will not render advisory opinions anticipative of troubles which do not exist; may never exist; and the precise form of which, should they ever arise, we cannot predict."). Valle has several years remaining on his minimum 25–year imprisonment term and whether he will ever be placed on parole is a matter of speculation. |
| 12 | ¶ 5 Finally, Valle argues that his sentence for murder violated the Supreme Court's determination that the existence of any fact, other than a prior conviction, that increases a criminal penalty beyond the prescribed statutory maximum must be determined by a jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). We deny relief because Apprendi has no retroactive application to cases that have become final. *State v. Sepulveda*, 201 Ariz. 158, 160–61 ¶ 8 (App. 2001). |

State v. Valle, 2017 WL 4638252 (Ariz. Ct. App. October 17, 2017).

Valle filed a motion to reconsider, which the Arizona Court of Appeals denied on January 29, 2018. (Exh. GG.) On February 9, 2018, Petitioner filed a petition for review in the Arizona Supreme Court. The Supreme Court denied review on August 24, 2018. (Exhs. HH and II.)

In his habeas petition, Petitioner raises six grounds for relief:

(1) Pursuant to Miller v. Alabama, 567 U.S. 460 (2012), Petitioner's sentence violates the Eighth Amendment's prohibition of cruel and unusual punishment;

(2) Petitioner's due process rights were violated when, during state postconviction relief proceedings, the state court arbitrarily changed Petitioner's original sentence and erroneously applied Arizona Revised Statutes section 13-716;

(3) Arizona Revised Statutes section 13-716 "violates ex post facto principles because the statute imposed a harsher form of sentence and a harsher form of 'parole' than was previously given to Petitioner and Petitioner had a vested right to [] 'absolute release' at the completion of 25 calendar years, [and] a vested right to the 3.6 years of community supervision scheme that was previously available";

- 5 -

(4) Petitioner's Fourteenth Amendment rights are violated because the Arizona Department of Corrections has erroneously treated him as serving a sentence of "natural life," rather than a "life sentence," which would entitle Petitioner to release after 25 years with a term of community supervision of one day for every seven days served in prison;

(5) Petitioner's Fourteenth Amendment rights were violated when the trial court construed Petitioner's Motion for a Clarification of Sentence as a Motion for Rule 32 Post-Conviction Relief; and

(6) The trial court abused its discretion when it dismissed Petitioner's state Rule 32 Petition "at the notice stage, and deprived the Petitioner of the opportunity to file a petition establishing his claims as it pertained to Miller, ex post facto, unconstitutionality of 13-716, and refusing to appoint counsel."

## DISCUSSION

In their Answer, Respondents contend that Petitioner's habeas petition is untimely and must be dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending Petitioner not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later. See Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. See Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review."). Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The statute of limitations under AEDPA is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 648-49 (quoting Pace, 544 U.S. at 418).

The Court finds that Petitioner's habeas petition is untimely. Petitioner initiated habeas proceedings on October 16, 2018 (CV 18-3324-SRB (MHB)). On December 6, 2018,

the Court dismissed the habeas petition as successive, and without prejudice, so that Petitioner could seek certification from the Ninth Circuit to file a second or successive § 2254 petition.

On April 22, 2019, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive § 2254 petition – as unnecessary – because Petitioner "seeks to challenge proceedings that resulted from legal developments which arose after the conclusion of his first federal habeas petition." Specifically, the constitutional right that Petitioner relies upon in his Petition was initially recognized by the Supreme Court in Miller v. Alabama, 567 U.S. 460 (2012). The Ninth Circuit stated that Petitioner's habeas petition shall be deemed filed in the district court on December 31, 2018 – the day it was received by the Ninth Circuit. For purposes of this analysis, however, the Court considers Petitioner's initiation of habeas proceedings on October 16, 2018, as the appropriate date for statute of limitations purposes.

Here, the applicable subsection for the statute of limitations analysis is 28 U.S.C. § 2244(d)(1)(C) – providing that the statute of limitations may run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Miller was decided on June 25, 2012; thus, Petitioner had one-year from that date, until June 25, 2013, to file his habeas petition. Petitioner did not file his habeas petition asserting claims pursuant to Miller until October 16, 2018. Accordingly, absent any tolling, Petitioner's habeas petition is untimely by over five years.

Petitioner is not entitled to statutory tolling. Although Petitioner filed a PCR petition ("motion to clarify sentence and order" construed as a PCR petition) on March 7, 2013, it was denied as untimely and successive. As such, the March 7, 2013 PCR petition was not properly filed, and thus did not toll the limitations period. See Pace, 544 U.S. at 413-14. Further, Petitioner did not file another PCR petition raising Miller claims until December 17, 2014 – well after the statute of limitations had already expired, and, therefore, did not toll the

limitations period. See Ferguson, 321 F.3d at 823 ("[S]ection 2244(d) does not permit the re-initiation of the [federal 1-year] limitations period that has ended before the state petition was filed.").

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir. 2007).

In his Reply, Petitioner fails to demonstrate, much less argue, his entitlement to equitable tolling. Instead, Petitioner reargues the merits of his habeas petition, failing to establish that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. Furthermore, the Court finds nothing in the record suggesting that an external force prevented Petitioner from timely filing the Petition. And, a petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154

(9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

Accordingly, Petitioner is not entitled to any tolling and his habeas petition is untimely.

**CONCLUSION**

Having determined that Petitioner's habeas petition is untimely, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1-1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1-1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver

of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 23rd day of December, 2019.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge